IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK CHARLESTON SC
2022 JAN 28 AM 9:27

Plaintiff,

David Fields, Jr.

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

   **-against-**

**Defendants,**

Sheriff P.J. Tanner, Beaufort County, Chief Deputy
Michael M. Hatfield, Col. Allen Horton, Cpl. Justin
Saunders, and John Doe 1-16

_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

Case No. _9:22-CV-00268-DCN-MGB_____

*(to be filled in by the Clerk's Office)*

Jury Trial:   X☐ Yes  ☐ No
           *(check one)*

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | David Fields Jr. ("See attached paragraph 3") |
| Street Address | P.O. Box 611 |
| City and County | Beaufort |
| State and Zip Code | South Carolina, 29902 |
| Telephone Number | (843) 525-1992 |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | P.J. Tanner ('See attached paragraph 4") |
| Job or Title | Sheriff |
| Street Address | 2001 Duke Street |
| City and County | Beaufort |
| State and Zip Code | South Carolina, 29902 |
| Telephone Number | (843) 255-3200 |

X☐   Individual capacity        X☐   Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Beaufort County ("See attached paragraph 5") |
| Job or Title | (if known) |
| Street Address | 100 Ribaut Road |
| City and County | Beaufort |
| State and Zip Code | South Carolina, 29902 |
| Telephone Number | (843) 255-2600 |

☐   Individual capacity        X☐   Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Michael M. Hatfield ("See attached paragraph 6") |
| Job or Title | Chief Deputy |
| Street Address | 2001 Duke Street |
| City and County | Beaufort |
| State and Zip Code | South Carolina, 29902 |
| Telephone Number | (843) 255-3200 |
| X☐ Individual capacity | X☐ Official capacity |

Defendant No. 4

| | |
|---|---|
| Name | **For the rest of the defendants ("See attached paragraphs 7-14")** |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| X☐ Individual capacity | X☐ Official capacity |

II.  **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

B.    Are you bringing suit against *(check all that apply)*:

☐      Federal officials (a *Bivens* claim)

X☐    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

**Fourth, Fifth, and Fourteenth Amendments to the United States Constitution ("See attached paragraphs 2, 15-17, 80-107")**

_____

_____

C.     Plaintiffs suing under _Bivens_ may only recover for the violation of certain constitutional rights.  If you are suing under _Bivens_, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under _Bivens_, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

**("See attached paragraphs 2, 15-17, 75-78, and 80-107")**

_____

_____

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

**Federal Court and State Court while applying for search warrant affidavit ("See attached paragraphs I, 15-17, 18-79")**

_____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?

**February 3, 2020, at 1:35pm and July 17, 2019 (See attached paragraphs 1-2, 15-17, 18-79")**

_____

_____

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

**("See attached paragraphs 1-2, 15-17, 18-79")**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**("See attached paragraphs 79, 100-103")**

_____
_____
_____
_____
_____
_____
_____

## V.     Relief

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

**("See attached paragraphs 2 and 108")**

_____

_____

_____

_____

_____

_____

_____

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          January 28, 2022.

Signature of Plaintiff  _____
Fieldsdavid203@gmail.com

Printed Name of Plaintiff  David Fields, Jr.

**B.  For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
Telephone Number _____
E-mail Address _____

# Preliminary Statement

1). This lawsuit arises out of the Beaufort County Sheriff's Office knowing use of perjured testimony to frame Fields in a Federal Hearing on February 3, 2020, by lying about the evidence it collected at the illegally searched trailer on July 18, 2019, in order, to prove that Fields was living at and owned the property.

The Beaufort County Sheriff's Office and Beaufort County was attempting to conceal the fact that they had knowingly used false or misleading testimony while under oath applying for the search warrant affidavit.

All in violation of South Carolina Perjury Laws.

2). This lawsuit seeks damages for:

A). The knowing use of perjured testimony at Fields' Federal Hearing on February 3, 2020, in violation of the Fifth and Fourteenth Amendments to the United States Constitution:

B). The knowing use of perjured testimony under oath while applying for the search warrant affidavit on July 17, 2019, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution:

C). The cover-up for the knowing use of perjured testimony as an official policy of the Beaufort County Sheriff's Office and Beaufort County, in violation of the Fifth and Fourteenth Amendments to the United States Constitution:

D). Conspiring to and conducting the affairs of a legitimate enterprise through a pattern of racketeering activity: and

E). Committing the state law tort of intentional inflicting of emotional distress.

3). Plaintiff, David Fields, Jr. (His pleading should be held to a less stringent standard) because of the actions of the Beaufort County Sheriff's Office and Beaufort County Fields was incarcerated from July 18, 2019, until Feb 24, 2020, has been under Federal Court Supervision until present, facing 37 months in Federal Prison and over 100 years in State Prison. P.O. Box 611, Beaufort, South Carolina, 29901, (843) 525-1992.

4).    Defendant P.J. Tanner was, at all times relevant herein, the Sheriff of Beaufort County. As the duly elected Sheriff of Beaufort County, Tanner operates in his official capacity as the Beaufort County Sheriff's Office (The "Sherriff's Office"). He is responsible for the hiring, training, and supervision of all personal necessary to operating and maintaining the Sheriff's Office. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

5).    Defendant Beaufort County is a local public entity under the laws of the State of South Carolina, is sued official capacity. 100 Ribaut Road, Beaufort, South Carolina, (843) 255-2600.

6).    Defendant Michael M. Hatfield was, at all times relevant herein, the Chief Deputy of Beaufort County Sheriff's Office responsible for reviewing and certifying true copies of all evidence collected, training and supervision of all personal therein including but not limited too the Crime Suppression Unit. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

7).    Defendant Allen Horton was, at all times relevant herein, Colonel of the Enforcement Division responsible for day-to-day operations of the Crime Suppression Unit. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

8).    Defendant John Doe 1, ("Unknown Supervisor") was, at all times relevant, responsible for reviewing the search warrant, all evidence collected and all personal within the Crime Suppression Unit. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

9).    Defendant John Doe 2, ("Unknown Supervisor") was, at all times relevant, responsible for day-to-day operations and all personal within the Crime Suppression Unit. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

10).    Defendant Justin Saunders was, at all times relevant herein, Corporal in the Beaufort County Sheriff's Office responsible for investigating, collecting, reviewing, and submitting evidence in this case. He was also responsible for supervising and training members of the Crime Suppression Unit. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

11). Defendant John Doe 3, was, at all times relevant herein, "Confidential Informant Number 1" was acting under the color of state law in concert with the Beaufort County Sheriff's Office and Beaufort County. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

12). Defendant John Doe 4, was, at all times relevant herein, "Confidential Informant Number 2" was acting under the color of state law in concert with the Beaufort County Sheriff's Office and Beaufort County. He is sued individual and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

13). Defendants John Doe 5-8 were, at all times relevant, "confidential informants" acting under the color of state law in concert with the Beaufort County Sheriff's Office and Beaufort County. Any and all identifiable individuals, through discovery or otherwise they are sued individually and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

14). Defendants Deputies John Doe 9-16 were, at all times relevant, "Members of the Crime Suppression Unit" charged with investigating, collecting, reviewing, and submitting evidence were acting under the color of state law as Beaufort County Sheriff Deputies. Any and all individuals, through discovery or otherwise are sued individually and official capacity. 2001 Duke Street, Beaufort, South Carolina, 29902, (843) 255-3200.

15). All mentioned defendants were acting within the scope of their employment at the time of the incidents giving rise to the cause of action. All defendants have acted in and continue to act under the color of law in the State of South Carolina, at all times relevant, during this complaint. Their deprivation of Fields' Constitutional Rights is set forth in the following statement of facts and causes of action.

16). Enforcement is a Division within the Sheriff's Office. It maintains several subsidiary units, including the Crime Suppression Unit. The Crime Suppression Unit is an especially equipped team of Sheriff Deputies trained in the investigation and detection amongst other things, narcotics.

17). The Sheriff's Office and Beaufort County allowed Crime Suppression Officer Cpl. Saunders to knowingly testify falsely before a Federal Magistrate on February 3, 2020.

3

## Statement of Claim (Continued)

### Birth Certificate

18). Cpl. Saunders on February 3, 2020, knowingly provided perjured or false testimony when he testified, "a birth certificate found at the trailer had been confirmed through his investigation to belonged to David Fields Jr".

19). Cpl. Saunders specifically testify, the birth certificate found at the trailer had the birth date that specifically matched Fields' birth date.

20). The Crime Suppression Unit, since July 18, 2019, had a picture of the birth certificate it collected as evidence from the illegally searched trailer.

21). Assisted United State Attorney (AUSA) Janet C. Henderson then used that false testimony to deny Fields' detention and established probable cause.

22). The Court on February 3, 2020, based on the false testimony denied bail and found probable cause existed based on the perjured testimony.

23). AUSA Henderson on February 20, 2020, admitted that Cpl. Saunders had lied about Plaintiff's birth certificate.

24). But the Sheriff's Office and Beaufort County knew prior to Cpl. Saunders February 3, 2020, perjured testimony that Fields' birth certificate was not found at the trailer because in the discovery and since July 18, 2019, they had a picture of the birth certificate found at the trailer that clearly proved a birthdate inconsistent with Plaintiff's.

### Pill Bottle

25). Cpl. Saunders on February 3, 2020, knowingly provided perjured or false testimony when he testified, "a pill bottle found at the trailer had been confirmed through his investigation to belonged to David Fields Jr., because of Fields' correct date of birth matching on the pill bottle".

26). The Crime Suppression Unit, since July 18, 2019, had a picture of that pill bottle it collected as evidence from the illegal search of the trailer that prove it was Fields's father pill bottle.

27). AUSA Henderson then used that false testimony to deny Fields' detention and establish probable cause existed.

28). The Court on February 3, 2020, based on the false testimony denied Fields' bail and found probable cause existed based on that perjured testimony.

29). AUSA Henderson on February 20, 2020, admitted that Cpl. Saunders had lied about the pill bottle and Fields' correct date of birth being on the pill bottle.

30). The Court on February 3, 2020, specially ruled that, "Cpl. Saunders testimony was perjured because the pill bottle had in fact belonged to Plaintiff's father".

31). The Sheriff's Office and Beaufort County knew prior to Cpl. Saunders February 3, 2020, Federal Hearing testimony, because they had the pictured evidence collected from the crime scene on July 18, 2019, that proved it belonged to David Fields, Sr.

32). So, when Cpl. Saunders testify that the pill bottle belonged to David Fields Jr., they knew it was a lie, since July 18, 2019.

33). This same manipulated evidence was also used in State Court in December of 2019, to establish probable cause.

## Mailing Address

34). Cpl. Saunders on February 3, 2020, knowingly provided perjured or false testimony when he testified that, "Fields had assorted mail coming to 8 Wayside Lane".

35). AUSA Henderson then used that false testimony to deny Fields' detention and establish probable cause.

36). The Court on February 3, 2020, based on the false testimony denied Fields' bail and found probable cause existed based on that perjured testimony.

37). The Court on February 20, 2020, ruled that Cpl. Saunders had perjured himself about the assorted mail.

38). The Sheriff's Office and Beaufort County knew prior to Cpl. Saunders testifying on February 3, 2020, that the assorted mail collected at the illegal search of the trailer **was not** addressed to David Fields Jr. at 8 Wayside Lane. They had the pictured evidence collected from the crime scene showing the addresses, since July 18, 2019.

39). The Sheriff's Office, its Leadership and Beaufort County knowingly allowed Cpl. Saunders to perjured himself through the manipulation of crime scene

evidence at the February 3, 2020, Hearing, in order, to conceal the fact of the perjury committed while under oath applying for the search warrant affidavit on July 17, 2019.

**\*Perjury committed during the February 3, 2020, Hearing about the July 17, 2019, search warrant affidavit.**

### A.) Plaintiff owned the property when the defendants knew he did not.

40).   During the February 3, 2020, Hearing, Fields' July 17, 2019, search warrant affidavit was admitted into evidence.

41).   Cpl. Saunders stated it was through his investigation prior to the issuance of the illegally obtained search warrant that he had proved that the Plaintiff **NOT** the Plaintiff's father, David Fields Sr., had owned the property and that he knew the difference between the two.

42).   State Chief Magistrate LaShonda G. Scott on July 17, 2019, used that under oath false testimony in paragraph 3, to find probable cause existed for the search warrant affidavit.

43).   The Court on February 20, 2020, specially ruled, "Cpl. Saunders testimony was false, and that Plaintiff's father was the actual owner of the property at 8 Wayside Lane and not Plaintiff".

44).   The Sheriff's Office, Beaufort County, John Doe 1-2, Deputy Chief Michael Hatfield, and Col. Allen Horton knew before both the February 3, 2020, Hearing and the July 17, 2019, probable cause hearing that Plaintiff's father David Fields Sr., owned the property since that evidence was contained within the search warrant affidavit.

### B). An arrest warrant had issued when the defendants knew it had not.

45).   The Sheriff's Office, Beaufort County, John Doe 1-2, and John Doe 9-16, all knew that the July 10, 2019, sale charge was paragraph 12 of the search warrant affidavit and that the July 16, 2019, sale charge was paragraph 13 of the search warrant affidavit.

46).   Cpl. Saunders perjured himself in paragraph 13 of the search warrant affidavit by stating, "a purchased occurring within the last 72 hours Beaufort County Sheriff's Office had obtained a warrant for Fields' arrest".

47). Cpl. Saunders on February 3, 2020, testified that the July 10, 2019, sale charge in paragraph 12 was the arrest warrant obtained within the last 72 hours.

48). Cpl. Saunders then had to admit (he lied) because the July 10, 2019, sale charge could not be within the last 72 hours, since the search warrant affidavit issued on July 17, 2019.

50). State Chief Magistrate Scott on July 17, 2019, then used that under oath false testimony in paragraph 13, to find probable cause existed for the search warrant affidavit.

51). AUSA Henderson on February 20, 2020, admitted that Cpl. Saunders had lied in paragraph 13 when he testified, he obtained an arrest warrant for a purchased that had occurred within the last 72 hours because no arrest warrant has issued for the July 16, 2019, sale charge.

### C). The wooden window perjured testimony.

52). Search warrant affidavit paragraphs 7, 12, and 13 contained the same exact lie, "that the CI walked to a front window that was cover by a piece of wood, knocked on the wood. The wood slid out of the way and the money was exchange".

53). Cpl. Saunders on February 3, 2020, falsely testified, "In paragraph 7, in May through a front window, that was wooden, and it slid left to right that CI number 1 testified a sale had occurred".

54). Cpl. Saunders testified, the sale was recorded on audio and video and that if you listened to the audio, you could hear the wooden window slide left to right.

55). Cpl. Saunders further falsely testified, "In paragraph 12, the July 10, 2019, sale charge, that again through the same wooden window that a sale had occurred with a different CI number 2 and that audio and video evidence proved the same".

56). Cpl. Saunders again, "In paragraph 13, the July 16, 2019, sale charge, that again, through the same wooden window that a sale had occurred with CI number 2 and that audio and video evidence proved the same".

57). Even though two different CI's, the first informant in May then the second informant in July with two sale charges that were recorded on video. None of the CI's recorded video show this wooden window.

58). No Crime Suppression Officer during or after any of the control purchases have seen this wooden window.

59). Contained within the search warrant affidavit is a picture of the window that the drugs were sold out of in paragraphs 7, 12, and 13 that is supposedly to be wooden.

60). Counsel has scoured the pictures in discovery taken by the Crime Suppression Officers. Found clear pictures of the window in the search warrant affidavit that the drugs were sold from, with no pictured evidence of any board or wood on the inside or outside.

61). Cpl. Saunders when faced with that pictured evidence from the search warrant affidavit testify, "He could not see the wood or board in the window".

62). Cpl. Saunders further testify that the pictured evidence in the search warrant affidavit of the window that was supposedly to be wooden came from a still photo from the video from one of the CI's sale charges in paragraphs 7, 12, or 13.

63). Since May/July of 2019 in possession of the Beaufort County Sheriff's Office, or its Division, Crime Suppression Unit, is that video evidence so that we may clearly see the window in question.

64). State Chief Magistrate Scott on July 17, 2019, then used that under oath perjured testimony in paragraphs 7, 12, and 13, to find probable cause existed and issued the search warrant affidavit.

65). Even the Court on February 3, 2020, when faced with the same evidence and pictured evidence ruled, "you can't see in that picture any evidence of a piece of wood that could be removable or not".

**\* Defendants make a concerted effort to cover-up their knowing use of perjured testimony while applying for the July 17, 2019, search warrant affidavit by perjuring themselves at Fields' February 3, 2020, Federal Hearing.**

66). The Defendants knew prior to the February 3, 2020, Hearing, the Crime Suppression Unit pictured evidence taken on July 18, 2019, at the illegal search of the trailer, that:

      A). The pill bottle did not have Fields' date of birth on it;

B). The birth certificate did not have Fields' date of birth on it; and

C). the mail was not addressed to Fields at 8 Wayside Lane.

67). The Defendants knew each time Cpl. Saunders testified that was Fields', "A). pill bottle, B). birth certificate or C). assorted mail found at the trailer they knew he was committing perjury.

68). The Defendants knew without that perjured testimony they could not establish probable cause that Fields had moved or been living at the trailer.

69). The Defendants knew by taking crime scene pictured evidence and changing its character this would bolster the fact that the perjury given under oath while applying for the search warrant affidavit would be overlooked.

70). If Fields says nothing. The Defendants under the rules of evidence or basic legal policy would have said, "nothing".

**\* The Defendants were covering up their knowing use of perjured testimony while under oath applying for the search warrant.**

71). The Defendant knew prior to applying for the search warrant affidavit that:

A). Fields did not own the property at 8 Wayside Lane as claimed in paragraph 3 and;

B). No arrest warrant had issued for the July 16, 2019, sale charge as claimed in paragraph 13.

72). The Defendants knew by July 18, 2019, that no wooden window existed at 8 Wayside Lane because the defendants took over 14 pictures of the window that the drugs were sold from, the inside and outside, and none of the pictures contained any evidence of a wood or boarded window, especially one that slid left to right.

73). Therefore, every time he testified at the February 3, 2020, Federal Hearing that the wooden window existed. They knew it did not.

74). Even the Court on February 3, 2020, realized this fact.

**\*The cover-up is an official policy of the Defendants
Sheriff's Office and Beaufort County.**

75). The acts described above are part of an institutional practice or custom constituting an official policy of the Sheriff's Office and Beaufort County of covering-up instances of serious misconduct especially the knowing use of perjured testimony by Sheriff Deputies.

76). The Defendants had prior notice of the questions being asked.

77). But it took inadequate steps in training and supervision of their employees. They failed to properly supervise and/or train the employees, including, the failure to properly instruct them in applicable provisions of the South Carolina Administrative Code, South Carolina State Penal Code, and proper investigative procedure, i.e., testifying about evidence it recovers from crime scenes.

78). The Defendant's current policy and customs for the current chain of custody of evidence it has produced thus far, can that policy afford (Fields a) fair trial.

**\*Fields continues to suffer injuries from the Defendants knowing use of the
perjured testimony.**

79). The above action, the trial has not even started. They have used the perjured testimony to deny Fields' detention and established probable cause in two hearings, Fields' business has suffered economic loss, cost of two bails, lawyers to defend, money spent during incarceration, the threat of 37 months in Federal Prison, and over 100 years in State Prison. They have stolen a list of over 100 items from 8 Wayside Lane. They have changed the character of evidence collected, planted evidence, and thoroughly intimidated Fields giving him high blood pressure and destroying him psychologically.

## Count 1

**Section 1983 claim against all Defendants for the knowing use of perjured
testimony at the February 3, 2020, Federal Hearing.**

80). The allegations of paragraphs 1 through 79 are incorporated herein by reference.

81).  As described above, the Defendants knew that Cpl. Saunders had knowingly perjured himself at the February 3, 2020, Hearing.

82).  The actions of the Defendants were performed under the color of state law and violated Fields' Fifth and Fourteenth Amendment Rights to the United States Constitution.

83).  The knowing use of the perjured testimony were the direct and proximate cause of Fields' loss of freedom, physical and psychological injuries to Fields.

84).  The conduct of the Defendants was knowingly, willfully and exhibited a shocking and flagrant disregard for Fields federally secured Due Process Rights. Accordingly, these Defendants are liable to Fields under 42 U.S.C. 1983.

## Count 2

**Section 1983 claim against all the Defendants for the knowing use of perjured testimony under oath while applying for the search warrant affidavit.**

85).  The allegations of paragraphs 1 through 79 are incorporated herein by reference.

86).  As described above, The Defendants knew that Cpl. Saunders had knowingly perjured himself while under oath applying for the July 17, 2019, search warrant affidavit.

87).  The actions of the Defendants were performed under the color of state law and violated Fields' Fourth, Fifth, and Fourteenth Amendment Rights to the United States Constitution.

88).  The knowing use of the perjured testimony were the direct and proximate cause of Fields' loss of freedom, physical and psychological injuries to Fields.

89).  The conduct of the Defendants was knowingly, willfully and exhibited a shocking and flagrant disregard for Fields federally secured Fourth Amendment and Due Process Rights. Accordingly, these Defendants are liable to Fields under 42 U.S.C. 1983.

## Count 3

**Section 1983 claim against all Defendants for conspiracy to allow Cpl. Saunders to knowingly commit perjury at the February 3, 2020, Federal Hearing.**

90). The allegations of paragraphs 1 through 79 are incorporated herein by reference.

91). As described above, the Defendants conspired to manipulate pictured crime scene evidence and testify falsely at the February 3, 2020, Federal Hearing.

92). The actions of the Defendants were performed under the color of state law and violated Fields' Fifth and Fourteenth Amendment Rights to the United States Constitution.

93). The manipulation and knowing use of the perjured testimony were the direct and proximate cause of Fields' loss of freedom, physical and psychological injuries to Fields.

94). The conduct of the Defendants was knowingly, willfully and exhibited a shocking and flagrant disregard for Fields federally secured Due Process Rights. Accordingly, these Defendants are liable to Fields under 42 U.S.C. 1983.

## Count 4

**Section 1983 claim against Cpl. Saunders and John Doe 3-4, that a wooden window existed in paragraphs 7, 12, and 13 at the Federal Hearing and under oath while applying for the search warrant affidavit.**

95). The allegations of paragraphs 1 through 79 are incorporated herein by reference.

96). As described above, Cpl. Saunders and John Doe 3-4, all knew no wooden window existed, but he perjured himself both at the Federal Hearing and while under oath applying for the search warrant affidavit.

97). The actions of Cpl. Saunders and John Doe 3-4 were performed under the color of state law and violated Fields' Fourth, Fifth, and Fourteenth Amendment Rights to the United States Constitution.

98). The knowing use of the perjured testimony and falsification of pictured evidence were the direct and proximate cause of Fields' loss of freedom, physical and psychological injuries to Fields.

99). The conduct of Cpl. Saunders and John Doe 3-4 were knowingly, willfully and exhibited a shocking and flagrant disregard for Fields federally secured Fourth, Fifth, and Fourteenth Amendment Rights. Accordingly, these Defendants are liable to Fields under 42 U.S.C. 1983.

## Count 5

### Intentional Infliction of Emotional Distress claim against all the Defendants.

100). The allegations of paragraphs 1 through 79 are incorporated herein by reference.

101). As described above, the conduct of the Defendants to allow Cpl. Saunders to knowingly perjured himself on February 3, 2020, and July 17, 2019, that led to both Federal and States charges, the financial responsibility of defending a serious trafficking case, loss of business income, other economic losses and facing over 36 months in Federal and over 100 years in State Prisons.

102). The Defendants either intended to inflict emotional distress above on Fields when in engaging in this conduct or knew that there was a high probability that such conduct results in such distress.

103). The Defendants conduct caused Fields to suffer severe emotional distress that no reasonable person could be expected to endure.

## Count 6

### Indemnification claims against Defendant Beaufort County.

104). The allegations of paragraphs 1 through 79 are incorporated herein by reference.

105). Defendant Beaufort County is empowered and directed to pay any tort judgement for compensatory damages (and any associated attorney's fees and costs) for which an independently elected Beaufort County Officer such as Defendant P.J. Tanner and his deputies acting within the scope of their employment is found liable.

106). Defendant Beaufort County is liable for any judgement against Tanner, Hatfield, Horton, Saunders, and John Doe 1-16 for compensatory damages and for associated attorney's fees and costs.

107). When the judge for compensatory damages is enter against these Defendants, the Defendant Beaufort County must pay judgement, as well as associate attorney's fees and cost.

108). WHEREFORE, Fields requests that this Court grant him the following relief, jointly and severally against the named defendants:

> A). judgment for compensatory damages against all defendants in an amount to be determined at trial;
>
> B). judgement for punitive damages against all defendants in an amount to be determined at trial;
>
> C). an award of the cost of this action against all defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C 1988 and/or 18 U.S.C 1964(c);
>
> D). federal oversite and federal oversite of Fields' trial;
>
> E). an order requiring Defendant Beaufort County to pay any judgement for compensatory damages entered against Defendants Tanner, Hatfield, Allen, Saunders, and John Doe 1-16, as well as associated attorney fees and costs; and
>
> F). such other and further relief the court deems appropriate.

## PLAINTIFF DEMANDS TRIAL BY JURY.

"I declare under penalty of perjury that the foregoing is true and correct". Executed on January 28, 2022 (28 U.S.C. 1746)

Respectfully Submitted,

David Fields, Jr.